IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN BELL | § | |
| TELEPHONE, L.P. d/b/a | § | |
| AT&T Texas, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3901 |
| | § | |
| CITY OF HOUSTON, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 9] filed by Defendant City of Houston ("the City"). Plaintiff Southwestern Bell Telephone, L.P., d/b/a AT&T Texas ("AT&T") filed its Opposition [Doc. # 13], the City filed a Reply [Doc. # 15], AT&T filed a Sur-Response [Doc. # 20], and the City filed a Sur-Reply [Doc. # 24]. Based on the Court's careful review of the record in this case and the application of governing legal authorities, the Court grants the City's Motion to Dismiss Plaintiff's § 1983 claim based on an alleged violation of the Federal Telecommunications Act of 1996 ("FTA") and the federal preemption claim. The Court also dismisses the federal takings claim without prejudice because it is not yet ripe, and declines to exercise supplemental jurisdiction over Plaintiff's state preemption and state takings claims.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

AT&T offers local telephone service to customers in Houston. In connection with providing telephone service, AT&T installed telecommunications facilities in Houston's public rights-of-way.

In April 2005, the City adopted Ordinance 2005-0371 (the "Ordinance"), requiring owners of facilities in Houston's public rights-of-way to relocate those facilities at their own expense. AT&T relocated its facilities as required by the City, incurring costs in the amount of $419,741.48. The City determined that the amount of AT&T's costs was reasonable, and the amount has been encumbered from the City's set-aside fund. *See* City of Houston Letter dated November 17, 2006, Exh. A to Plaintiff's Opposition [Doc. # 13].

AT&T then filed this lawsuit seeking to recover its relocation costs. AT&T asserted a claim under the FTA, a federal preemption claim, and a federal takings claim. AT&T also included a state law preemption claim and a state takings claim.

The City moved to dismiss. The City argues that there is no private right of action under the FTA, that the FTA specifically excludes preemption of a municipality's right to maintain its rights-of-way, and that the federal takings claim is

not ripe until the state takings claim has been decided.[1]  The City's Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. ANALYSIS

### A. Count One - FTA Claim

Plaintiff in Count One of the Complaint [Doc. # 1], asserts a cause of action pursuant to 42 U.S.C. § 1983[2] based on the alleged deprivation of its federal rights under § 253(a) and § 253(c) of the FTA.  Section 253(a) provides that "[n]o State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. § 253(a).  Section 253(c) provides as follows:

> Nothing in this section affects the authority of a State or local government to manage the public rights-of-way or to require fair and reasonable

---

[1]   The City also argued for dismissal of the state law claims on the merits.  Because the Court declines to exercise supplemental jurisdiction over those state law claims, the City's arguments on the claims' merits need not be discussed.

[2]   Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

> compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis, for use of public rights-of-way on a nondiscriminatory basis, if the compensation required is publicly disclosed by such government.

47 U.S.C. § 253(c).

The City argues that Count One should be dismissed because there is no private right of action under § 253 of the FTA that would support a cause of action under § 1983. To sustain a § 1983 claim, the "plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belongs." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 119 (2005) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002)).

"In order to create a federal right Congress must clearly manifest its intent to do so." *Qwest Corp. v. City of Santa Fe*, 380 F.3d 1258, 1265 (10th Cir. 2004) (citing *Gonzaga*, 536 U.S. at 280); *see generally Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (stating that "the plaintiff has the relatively heavy burden to show Congress intended private enforcement, and must overcome the presumption that Congress did not intend to create a private cause of action"). It is beyond question that § 253 does not explicitly provide for a private right of action.[3] Additionally, there is no intent to

---

[3] Other provisions of the FTA are inconsistent regarding the private right of action issue. In § 274(e), where Congress intended to create a private right of action, it did so clearly. Indeed, the section is entitled "Private right of action." On the other hand, however, where
(continued...)

create a private right of action where a "statute by its terms grants no private rights to any identifiable class." *See Gonzaga*, 536 U.S. at 284. "For a statute to create such private rights, its text must be phrased in terms of the persons benefitted." *Id.* (internal quotations omitted). Even where, as here, there are identifiable beneficiaries of the statute, there is no private right of action unless the statute conferred "specific, individually enforceable rights." *See id.* at 281.

In this case, the language of § 253(a) "is not focused on the benefits granted to the telecommunications providers [but] focuses on restricting the type of telecommunications regulations a local authority may enforce." *Qwest*, 380 F.3d at 1265. The language of § 253(c) clearly does not grant any benefits to telecommunications providers such as AT&T, instead benefitting only the relevant State or local government by protecting its right to manage its public rights-of-way.[4] The language of §§ 253(a) and (c) does not indicate Congressional intent to create a private right of action.

---

[3] (...continued)
Congress intended to deny a private right of action, it did so clearly. *See* 47 U.S.C. § 255(f) ("Nothing in this section shall be construed to authorize any private right of action to enforce any requirement of this section or any regulation thereunder.").

[4] The Court notes that Count One of Plaintiff's Complaint does not contain factual allegations that would support a § 253(c) claim.

Additionally, with reference to § 253(a), the "provision of an express, private means of redress in the statute itself is ordinarily an indication that Congress did not intend to leave open a more expansive remedy under § 1983." *See City of Rancho Palos Verdes*, 544 U.S. at 120 (discussing a different section of the FTA). Indeed, "the existence of a more restrictive private remedy for statutory violations has been the dividing line between those cases in which [the Supreme Court has] held that an action would lie under § 1983 and those in which [the Supreme Court has] held that it would not." *Id.* at 121.

Section 253(d) provides that the Federal Communications Commission (the "FCC") is the deciding body regarding violations of § 253(a). If the FCC determines that a State or local statute or regulation violates § 253(a), the FCC "shall preempt the enforcement of such statute, regulation, or legal requirement to the extent necessary to correct such violation or inconsistency." 47 U.S.C. § 253(d). This statutory remedy for alleged violations of § 253(a) creates a presumption that Congress did not intend to create a private right of action.[5]

The presumption that the "remedy provided in the statute is exclusive can surely be overcome by textual indication, express or implicit, that the remedy is to

---

[5] Plaintiff cites and the Court has reviewed cases holding that there is a private right of action under § 253 of the FTA. Each of these cases, however, was decided prior to the Supreme Court's decision in *City of Rancho Palos Verdes*.

complement, rather than supplant, § 1983." *City of Rancho Palos Verdes*, 544 U.S. at 122. There is no such "textual indication" in the FTA. As was discussed above, the language of § 253(a) is not phrased in terms of benefits to telecommunications providers, but in terms of restrictions of the activity of State and local governments. The language of § 253(c) does not indicate that Congress intended to create a private right of action by telecommunications providers or even to benefit them. Additionally, § 253(d)'s provision for enforcement by the FCC indicates a preference for a more expedient, less expensive administrative process.

The Court notes also that the FTA's administrative enforcement procedure does not provide for the recovery of attorneys' fees, while a successful plaintiff under § 1983 may recover fees pursuant to 42 U.S.C. § 1988. "Liability for attorney's fees would have a particularly severe impact in the [FTA] context, making local governments liable for the (often substantial) legal expenses of large commercial interests for the misapplication of a complex and novel statutory scheme." *Id.* at 123.

The absence of language creating benefits in telecommunications providers and the presence of an alternative enforcement procedure lead the Court to conclude that § 253 of the FTA does not create a private right of action that would support a § 1983 claim. Defendant's Motion to Dismiss Count One of Plaintiff's Complaint will be granted, and the count will be dismissed with prejudice.

**B.     Count Two - Federal Preemption Claim**

Plaintiff in Count Two seeks a declaration that the Ordinance is preempted by the FTA.  The City argues that Count Two should be dismissed because the Ordinance was adopted to assist the City in managing the public rights-of-way, an area specifically not preempted pursuant to § 253(c) of the FTA.

As is noted above, § 253(c) of the FTA provides that "[n]othing in this section affects the authority of a State or local government to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis . . .."  47 U.S.C. § 253(c).  The Court concludes that the Ordinance falls squarely within this "safe harbor" provision because it relates to the City's management of its public rights-of-way.

In an attempt to avoid dismissal, AT&T argues that it is entitled to discovery regarding whether the Ordinance is "competitively neutral" and "nondiscriminatory."[6]  The only allegation in Count Two in this regard is that the Ordinance does not impose relocation costs "upon telecommunications providers who do not own and maintain poles, wires, and similar facilities."  *See* Complaint [Doc. # 1], ¶ 32.  Assuming this

---

[6]     The Court questions, but does not need to decide, whether the phrase "on a competitively neutral and nondiscriminatory basis" relates to either or both phrases "manage the public rights-of-way" and "require fair and reasonable compensation."  It is undisputed that the Ordinance, while imposing the costs of relocation on telecommunication providers, does not require "compensation" from them.

statement is true, imposing relocation costs only on those providers whose facilities need relocation is both "competitively neutral" and "nondiscriminatory." There is no allegation that the Ordinance discriminates by treating certain providers who are required to relocate their facilities differently from other similarly situated providers. There are no factual allegations in the Complaint that would require discovery on the federal preemption claim.

Because the Ordinance relates to the City's management of its public rights-of-way, it falls within the safe harbor provision of § 253(c). Plaintiff's federal preemption claim is dismissed with prejudice.

### C.     Count Three - Federal Takings Claim

Plaintiff concedes that the federal takings claim is not ripe, but asks the Court to stay consideration of the claim until it becomes ripe. Because the other two federal claims are being dismissed and because the Court is declining to exercise supplemental jurisdiction over the state law claims, including the state takings claim, the Court declines to stay the federal takings claim. It is dismissed without prejudice.

### D.     Counts Four and Five - State Claims

In Count Four, Plaintiff seeks a declaration that the City's Ordinance is preempted by state law. In Count Five, Plaintiff asserts a state takings claim. The case is in its very early stages. Indeed, the Court has not yet entered a docket control order.

Because the federal claims have been dismissed at such an early stage of the proceedings, under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Moore v. Willis Independent School Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). The state preemption and takings claims are dismissed without prejudice.

### III. CONCLUSION AND ORDER

Plaintiff has no private right of action under the FTA, its federal preemption claim fails on the face of the claim due to the safe harbor provision in § 253(c), and its federal takings claim is not ripe. As a result, the Court dismisses Plaintiff's federal claims. Having dismissed the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 9] is **GRANTED** as discussed herein. The Court will issue a separate final dismissal order.

SIGNED at Houston, Texas, this **29th** day of **March, 2007.**

_____
Nancy F. Atlas
United States District Judge

P:\ORDERS\11-2006\3901MD.wpd   070329.1438